

U.S. Department of Justice

United States Attorney's Office
Western District of Wisconsin

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

Address:
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

August 4, 2021

Patrick Knight
Gimbel Reilly Guerin Brown LLP
330 East Kilbourn, Suite 1170
Milwaukee, WI 53202

21 CR 085 WMC

Re: United States v. Barbara Bortner
Case No. 21-cr-___

Dear Mr. Knight:

This is the proposed plea agreement between the defendant and the United States in this case.

1. The defendant agrees to waive indictment and plead guilty to Counts 1 and 2 of the information filed by the U.S. Attorney in this case. Count 1 charges a violation of 18 U.S.C. § 1343, which carries maximum penalties of 20 years in prison, a $250,000 fine, a three-year period of supervised release, a $100 special assessment, and the entry of an appropriate restitution order. Count 2 charges a violation of 26 U.S.C. § 7201, which carries maximum penalties of five years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2. The defendant acknowledges, by pleading guilty, that she is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial

August 4, 2021
Page 2 of 4

and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

3. The defendant understands that upon conviction, if she is not a United States citizen, she may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that she wants to plead guilty regardless of any removal and immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

4. The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement, and the defendant's efforts to make the agreed-upon immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if she engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before August 12, 2021.

5. The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

6. The defendant agrees that the loss amount under U.S.S.G § 2B1.1(b)(1) for Count 1 is $3,136,200.72. The defendant agrees that the tax loss under U.S.S.G § 2T4.1 for Count 2 is $263,846.

August 4, 2021
Page 3 of 4

7. The defendant agrees to pay restitution for all losses relating to the offenses of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The exact restitution figure for Count 1 and related relevant conduct will be agreed upon by the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

8. The defendant agrees that she owes $777,803.00 in restitution to the Internal Revenue Service (IRS) for Count 2 and related relevant conduct in this case. The defendant and the United States agree that she will make all IRS restitution payments through the Western District of Wisconsin United States Clerk of Court. The parties further agree the Court-ordered restitution to the IRS will be paid before amounts owed or assessed in connection with any IRS civil collection efforts relating to the 2013 through 2019 tax years. The United States further agrees that if the defendant inadvertently pays funds to the IRS relating to these tax years before the Court-ordered IRS restitution is satisfied, that amount will be credited toward the defendant's Court-ordered IRS restitution. The defendant agrees that the full amount of restitution is due and payable immediately. The defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

9. The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant also authorizes the U.S. Attorney's Office to run her credit report. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents. Finally, the defendant understands, as set forth in Paragraph 4 above, that the United States' agreement to recommend a reduction for acceptance of responsibility will be based, in part, on the defendant's full and truthful accounting, and the defendant's efforts to make the agreed-upon immediate restitution payments.

10. In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

August 4, 2021
Page 4 of 4

11. The defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

12. If your understanding of our agreement conforms with mine as set out above, please obtain the necessary signatures and return the plea letter to me. By her signature below, the defendant acknowledges her understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges her understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

Very truly yours,

TIMOTHY M. O'SHEA
Acting United States Attorney

By:

AARON WEGNER
Assistant United States Attorney

9-1-21
Date

8/12/21
Date

PATRICK KNIGHT
Attorney for the Defendant

BARBARA BORTNER
Defendant

8-11-21
Date